

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6367-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
)
)
v. )
)
BIODUN WILLIAMS,

)
    Defendant. )
_____)

### GOVERNMENT'S RESPONSE TO

### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Government counsel knows of no written statements made by the defendant.

           2.    Government counsel knows of no oral statements made in response to interrogation by a government agent.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC record of the defendant will be provided.



5. Document/exhibits the government will be using at trial are included in the attached 17 pages of information. Physical items (such as identifications used by the defendant) the government will be using at trial may be inspected by making an appointment with the undersigned.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this time, undersigned counsel is unaware of any Brady information.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At this time, undersigned counsel is unaware of any Giglio information.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. At this time, undersigned counsel does not intend to call any such witnesses at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

    P.      At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as specified in the indictment.

                        Respectfully submitted,

                        GUY A. LEWIS
                        UNITED STATES ATTORNEY

By: _____
     STEVEN R. PETRI
     Assistant United States Attorney
     Federal Bar No. A5500048
     500 East Broward Blvd.
     Suite 700
     Fort Lauderdale FL 33394
     Tel. #: 954-356-7255 Ext. 3599

cc:   Special Agent James Whitlock,
      Secret Service

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing

was delivered by United States mail this 9th day of July, 2002 to Lisa Colon, Suite 1100, New World Tower, 100 North Biscayne Blvd., Miami, FL 33132.

                                                         _____
                                                         STEVEN R. PETRI
                                                         Assistant United States Attorney